Leib M. Lerner (CA Bar No. 227323)
Gillian H. Clow (CA Bar No. 298966)
Douglas J. Harris (CA Bar No. 329946)
**ALSTON & BIRD LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Email: leib.lerner@alston.com
Email: gillian.clow@alston.com
Email: douglas.harris@alston.com

John R. Worth (012950)
**FORRESTER & WORTH, PLLC**
2800 N. Central Ave Suite 1200
Phoenix, AZ 85004
Telephone: (602) 258-2728
Email: jrw@forresterandworth.com

Attorneys for Minnesota Life Insurance Company

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>SHURWEST, LLC,<br><br>Debtor. | Chapter 11<br><br>Adv. Case No: 2:22-ap-00084-DPC<br><br>Case No.: 2:21-bk-06723-DPC<br><br>**SECURIAN FINANCIAL GROUP, INC., MINNESOTA LIFE INSURANCE COMPANY AND SECURIAN LIFE INSURANCE COMPANY'S MOTION TO DISMISS ADVERSARY CLASS ACTION COMPLAINT** |
| ELEANOR and ROCCO CIOFOLETTI, and LARRY STOSPAL on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE QUANTUM GROUP USA, LLC, et al.,<br><br>Defendants. | |

## INTRODUCTION

This case is a frivolous attempt by Plaintiffs (and their counsel) to have a third chance to litigate a failed class claim from the beginning. Plaintiffs Rocco and Eleanor Ciofoletti and Larry Stospal ("Plaintiffs") originally filed a proposed class action lawsuit in the District of Minnesota in 2018, arising out of their purchase of Minnesota Life indexed universal life ("IUL") policies in tandem with an investment in a separate entity known as Future Income Payments, LLC, or FIP. They brought that original lawsuit against Shurwest, LLC ("Shurwest" or "Debtor") as well as against Securian Financial Group, Inc., Minnesota Life Insurance Company, and Securian Life Insurance Company (collectively "Minnesota Life").[1] Class certification was denied by the District Court of Minnesota last year, and that case still remains open and is being litigated by these same Plaintiffs. Indeed, since that case was filed in October 2018, Plaintiffs have taken five depositions, and Minnesota Life has produced nearly 35,000 pages of documents in response to Plaintiffs' discovery requests.

Realizing Plaintiffs could not prevail at the class action level, Plaintiffs next filed a Proof of Claim on behalf of a putative class in the bankruptcy, which was disallowed.[2] Plaintiffs' current Adversary Complaint ("Complaint") against Debtor, Minnesota Life and Debtor's affiliate The Quantum Group USA, LLC ("Quantum") is encompassed by both of the prior denials: the District Court of Minnesota order denying class certification and the Bankruptcy Court's order disallowing the class claim. The Complaint should be dismissed because both of those prior orders operate as collateral estoppel as to this new

---

[1] Plaintiffs' Original Class Action Complaint, filed on October 26, 2018, was brought by Plaintiff Rocco Ciofoletti, only, and named Securian Financial Group, Inc., Minnesota Life Insurance Company, Securian Life Insurance Company, and Minnesota Mutual Companies, Inc. *See* Request for Judicial Notice ("RJN"), Exh. A. Plaintiffs later sought leave to amend, adding Eleanor Ciofoletti and Larry Stospal as Plaintiffs and naming Shurwest, LLC as a defendant in their Consolidated Second Amended Class Action Complaint filed on December 2, 2019. *See* RJN, Exh. B.

[2] *See* Order disallowing claim, RJN Exh. R. Minnesota Life is informed that Plaintiffs also filed a class action complaint against Quantum Group, District of Arizona Case Number 2:22-cv-00055-DWL on January 11 2022, which was dismissed three months later, immediately before Plaintiff filed the subject Complaint against Shurwest, Quantum and Minnesota Life.

Complaint. Moreover, this Court can also exercise discretionary abstention to dismiss the Complaint.

In addition, Plaintiffs' sole claim against Minnesota Life, for breach of fiduciary duty fails, as a matter of law. In general, there is no fiduciary duty owed by an insurer to an insured, and Plaintiffs' Complaint does not allege anything sufficient to rise to the level of a "special relationship" that could possibly confer such a duty. Plaintiffs' Complaint fails against Minnesota Life for this additional reason.

Accordingly, Minnesota Life requests the Court dismiss Plaintiffs' Complaint in its entirety as to Minnesota Life, and without leave to amend.

## I. FACTUAL AND PROCEDURAL HISTORY

The same named Plaintiffs who brought this case filed a putative class action lawsuit in the District of Minnesota on October 26, 2018, arising out of the same facts against Minnesota Life and Shurwest (the "Minnesota Action"). Request for Judicial Notice ("RJN"), Exh. B. After significant written discovery and depositions in that case, Plaintiffs filed a motion for class certification, seeking to certify a class of "[a]ll purchasers of Indexed Universal Life policies issued by Minnesota Life Insurance Company and/or Securian Life Insurance Company through Shurwest from April 1, 2016 through September 30, 2018, whose Indexed Universal Life insurance policy premiums were funded in whole or part with FIP Products brokered through Shurwest." *Id.*, Exh. C. On August 13, 2021, the District Court denied Plaintiffs' motion for class certification. *Id.*, Exh. D. On August 23, 2021, Plaintiffs filed a motion for an amended scheduling order, including an opportunity to file a renewed motion for class certification, which Minnesota Life opposed. *Id.*, Exh. E. The following week, Shurwest declared bankruptcy and the District Court stayed proceedings in that case. *Id.*, Exh. G.

Meanwhile, in the bankruptcy matter, on November 9, 2021, Plaintiffs filed Proofs of Claim, as well as a class claim on behalf of "all who purchased IUL pol. id by Shurwest." *Id.*, Exhs. M-P. Shurwest objected to the class claim on February 9, 2022. *Id.*, Ex. Q. The Plaintiffs did not oppose or otherwise respond to the claim objection. On March 9, 2022,

the Bankruptcy Court entered an order sustaining Shurwest's objection to Claim No. 133 and disallowing the class claim. *Id.*, Ex. R.

On May 17, 2022, Plaintiffs filed this adversary proceeding, adding The Quantum Group USA, LLC ("Quantum") as a Defendant and seeking to certify a class of "all persons who, between January 1, 2012 and the present, purchased an SLIC or MLIC IUL insurance policy in combination with a FIP Product(s) sold through the Shurwest Broker Network." (Compl., ¶ 25.) Plaintiffs' adversary complaint makes clear that this is essentially a re-filing of the Minnesota Action. (*See id.* ¶ 39 ("Plaintiffs initially sued all defendants except Quantum in the United States District Court for Minnesota. On August 12, 2021, Minnesota District Court Judge, the Honorable Joan N. Ericksen, denied Plaintiffs' motion for class certification for reasons that are remedied in this complaint. Plaintiffs will be filing a renewed motion for class certification, which this Court is bound to treat as if it were an initial motion for class certification….").)

## II. PLAINTIFFS' ADVERSARY COMPLAINT IS PROCEDURALLY IMPROPER AND MUST BE DISMISSED

### A. Plaintiffs' Adversary Complaint Is Barred By The Bankruptcy Court's Order Disallowing Proof of Claim No. 133 and Because 28 U.S.C. § 1334 Mandates Abstention as to Minnesota Life.

The Bankruptcy Court's order disallowing the class claim operates as *res judicata* to Plaintiffs' Complaint as against the Debtor. "[A] creditor who offers a proof of claim and demands its allowance is bound by what is judicially determined; and if his claim is rejected, its validity may not be relitigated in another proceeding on the claim." *Veal v. Am. Home Mortg. Servicing, Inc.*, 450 B.R. 897, 918 (B.A.P. 9th Cir. 2011). The court in *Brady v. United States Department of the Treasury*, 200 B.R. 178, 180-81 (Bankr. S.D. Ohio 1996) found that the court's order on a claim objection was *res judicata* as to a subsequent adversary proceeding over the same claim.

*Brady* explains that four elements must be established in order to determine the claim objection constitutes *res judicata* and bars an adversary complaint: (1) that the order

Case 2:22-ap-00084-DPC    Doc 12    Filed 06/27/22    Entered 06/27/22 15:39:55    Desc
Main Document    Page 4 of 14

on the claim objection was a final judgment and that the court had competent jurisdiction to render that decision; (2) that the adversary proceeding involves the same parties or their privies, as the claim objection matter; (3) that the adversary proceeding raises an issue actually litigated or which should have been litigated in the claim objection matter; and (4) that the causes of action in the adversary proceeding and in the claim objection matter are identical. *Id.* All four elements are easily established here. First, Proof of Claim No. 133 sought to bring a claim in the Bankruptcy proceeding on behalf of "[a]ll who purchased IUL pol. id by Shurwest." RJN, Exh. P. The Court issued an order sustaining the objection to Claim 133, and disallowed it. *Id.*, Ex. R. This is a final judgment. *See Poonja v. Alleghany Props. (In re Los Gatos Lodge Inc.)*, 278 F.3d 890, 894 (9th Cir. 2002) ("the bankruptcy court's allowance or disallowance of a proof of claim is a final judgment."). Moreover, the Bankruptcy Court was competent to hear and determine the allowance and disallowance of **claims against Shurwest** under 11 U.S.C. § 157(b)(2)(B); *Brady*, 200 B.R. at 180.

The Ciofoletti Creditors' Proof of Claim involves the same Plaintiffs and issues, and seeks the same relief as the Proof of Claim as far as this Court's jurisdiction goes with respect to the Debtor. The Complaint's expansion from the Proof of Claim seeking to recover for "[a]ll who purchased IUL pol. id by Shurwest," to bring a class action against not only Shurwest, but also its alleged alter ego, Quantum as well as against Minnesota Life, does not cure the fact that to the extent Plaintiffs' claims belong in this bankruptcy case, the class action claims have already been disallowed. For Shurwest, the same parties are at issue in Proof of Claim No. 133 and the Complaint, the same theories of liability are alleged, with Plaintiffs seeking to recover on behalf of a class of individuals who purchased Minnesota Life or Securian Life policies through Shurwest that were sold in tandem with a FIP Product. All of the issues raised in the Complaint as against Shurwest could and "should have been litigated in the claim objection matter." *Brady*, 200 B.R. at 180. Each of the required elements of claim preclusion as against Shurwest has been met.

As for Minnesota Life, mandatory abstention should apply here to require the

Case 2:22-ap-00084-DPC    Doc 12    Filed 06/27/22    Entered 06/27/22 15:39:55    Desc
Main Document    Page 5 of 14

Bankruptcy Court to abstain, because the only reason that Plaintiffs filed their Complaint in this Court is because Shurwest is in bankruptcy. Meanwhile, Plaintiffs previously filed virtually the same complaint in Minnesota District Court, gaining jurisdiction there solely because of diversity. The causes of action are purely state law claims, and the Minnesota Court has been presiding over the case for nearly four years. *See* 28 § U.S.C. 1334(c)(2). And to the extent that this Court may find that mandatory abstention does not apply, then permissive abstention certainly applies where a District Court, sitting in diversity on state law claims, already ruled on the same class action claim brought by Plaintiff in this follow on lawsuit. *See id.*

### B. Plaintiffs' Adversary Complaint Also Fails Because The District Court of Minnesota Denied Class Certification On The Same Exact Issues.

Plaintiffs Complaint should also be dismissed because the same issues were already litigated and determined in the Minnesota Action. "[A] decision with respect to the class is conclusive only if the absent members were adequately represented by the named litigants and class counsel," and "[a]bsent class members are bound [by a negative class certification decision] provided that the named representatives and their lawyers furnished adequate representation." *Ramos v. U.S. Bank Nat'l Ass'n*, No. CV 08-1150-PK, 2009 U.S. Dist. LEXIS 133970, at *14 (D. Or. Feb. 18, 2009) (quoting *In re Bridgestone/Firestone, Tires Prods. Liab. Litig.*, 333 F.3d 763, 768 (7th Cir. 2003)). Courts have held that prior orders denying class certification had a preclusive effect on subsequent litigation of the same claims where an identical class was proposed. *See, e.g.*, *Alvarez v. May Dep't Stores Co.*, 143 Cal. App. 4th 1223, 1233-38 (2006); *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 333 F.3d 763, 769 (7th Cir. 2003), *abrogated in part on other grounds* by *Smith v. Bayer Corp.*, 564 U.S. 299 (2011).

In the Minnesota Action, the same named Plaintiffs filed a motion for class certification seeking to certify a class of "[a]ll purchasers of Indexed Universal Life policies issued by Minnesota Life Insurance Company and/or Securian Life Insurance

Company through Shurwest from April 1, 2016 through September 30, 2018, whose Indexed Universal Life insurance policy premiums were funded in whole or part with FIP Products brokered through Shurwest." RJN, Exh. C. On August 13, 2021, the District of Minnesota denied Plaintiffs' motion for class certification. *Ciofoletti v. Securian Fin. Grp., Inc.*, No. 18-cv-3025 (JNE/ECW), 2021 U.S. Dist. LEXIS 152775, at *2-3 (D. Minn. Aug. 13, 2021); RJN Exh. D. The court there did not find that Plaintiffs' counsel's representation was inadequate.

Plaintiffs' Adversary Complaint seeks to certify a class arising out of the same alleged wrongdoing ("all persons who, between January 1, 2012 and the present, purchased an SLIC or MLIC IUL insurance policy in combination with a FIP Product(s) sold through the Shurwest Broker Network."), brought by the same named Plaintiffs (Rocco and Eleanor Ciofoletti and Larry Stospal), against the same named Defendants plus Quantum, as an alleged alter ego of Shurwest.

Granted, there are two minor differences in the proposed class (Plaintiffs expanded the proposed class period from April 1, 2016 through September 30, 2018 in the Minnesota Action, to January 1, 2012 to the present, and Plaintiffs added Quantum as an alter ego defendant of Shurwest). However, the proper avenue for Plaintiffs to modify the proposed class period (as well as its targets) should have been for Plaintiffs to seek leave in the Minnesota Action, not to re-file a new action on behalf of the same putative class after the Minnesota District Court denied class certification. *See, e.g., Andrew v. Plains All Am.*, No. CV 15-4113 PSG (JEMx), 2019 U.S. Dist. LEXIS 212027, at *16-17 (C.D. Cal. Nov. 22, 2019) (citing Federal Rule of Civil Procedure 23(c)(1)(C) for the proposition that "the district court has broad authority to alter or amend a class certification order at any time before final judgment").

This Court should dismiss the Complaint because the Minnesota District Court already ruled against Plaintiffs for the same class claim. To the extent the Plaintiffs seek to amend their class claim, the appropriate forum is the Minnesota District Court that has already been dealing with the Plaintiffs claims for nearly four years. Moreover, the

Minnesota District Court's order denying class certification constitutes law of the case. To the extent this Court allows Plaintiffs' claims to proceed, it should adopt the Minnesota court's decision denying class certification and deny Plaintiffs the ability to start over with a renewed class claim in a different forum.

### C. This Court Should Dismiss Plaintiff's Complaint Pursuant to the Discretionary Abstention Doctrine

A separate, additional avenue for the Court to properly dismiss this frivolous and duplicative lawsuit is the discretionary abstention doctrine codified by 11 U.S.C. § 305, which provides that "[t]he court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if – the interests of creditors and the debtor would be better served by such dismissal or suspension." The abstention doctrine has been used by courts when faced with an adversary complaint dealing with issues "imminently pending" in a state or other court. *See, e.g.*, *Azam v. U.S. Bank, N.A.*, 690 F. App'x. 484, 486 (9th Cir. 2017). A district court may, "in the interest of justice, or in the interest of comity with State courts or respect for State law," abstain from hearing a particular proceeding under title 11 or arising in or related to a case under title 11. *Horowitz v. Sulla (In re Horowitz)*, No. 16-00239, Adv. No. 16-90015, 2016 Bankr. LEXIS 2536, at *11 (D. Haw. July 8, 2016).

The Ninth Circuit has set out twelve factors the Court may use in determining whether discretionary abstention is appropriate:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1167 (9th Cir. 1990) (quoting *In re Republic Reader's Serv., Inc.*, 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987)). Moreover, "[t]he court must weigh each of these factors against the others," but "[u]nlike mandatory abstention, a court can apply discretionary abstention even if fewer than all of the factors weigh in favor of abstention." *Horowitz*, 2016 Bankr. LEXIS 2536, at *12-13.

Here, the factors weigh heavily in favor of abstention and dismissal. First, permitting the Complaint to move forward will not aid in the administration of the estate, because the class claim has already been litigated (and dismissed) before the District of Minnesota and litigated (and disallowed) by this Court. Plaintiffs should not be permitted to relitigate their class claim a third time, which will simply delay efficient administration of Shurwest's estate and not advance it. Second, the substance of the claims are purely state law claims, there is no basis for federal jurisdiction, and there are certainly no bankruptcy issues involved in the Complaint other than the fact that Shurwest is in bankruptcy. Third, there is no unsettled law that needs to be applied. The Minnesota District Court already denied class certification based upon established procedures for denying such bogus claims. Fourth, the class claim is already being litigated in a non-bankruptcy forum for nearly four years. Fifth, there is no jurisdictional basis for this adversary other than section 1334, and Plaintiffs are wrapping in non-debtor entities in addition to the Debtor, who is already a defendant in the pending Minnesota Action. Sixth, the class claim is remote because this Court has already disallowed the class claim. Seventh, the class claim is based upon state law, and is not a core proceeding. Eighth, the causes of action are based upon state law, and there are no bankruptcy matters to sever or enforce. Ninth, there is no reason to add an adversary to this Court's docket where that same matter is already being prosecuted and defended for nearly four years before the District Court of Minnesota. Tenth, the forum shopping is blatant. Plaintiffs already lost their class certification in the Minnesota Action, and are trying again here. Eleventh, the claims if permitted to move forward would entitle Plaintiffs to a jury trial, which would be appropriately conducted by

a District Court such as the District Court of Minnesota, where the same case is already pending. Twelfth, Minnesota Life and Quantum are nondebtor parties. The appropriate forum for determining Plaintiffs' state law based class claims is the Minnesota District Court, where they are already pending. This Court should exercise its discretion and dismiss this case.

### III. PLAINTIFF'S SOLE CLAIM AGAINST MINNESOTA LIFE FOR BREACH OF FIDUCIARY DUTY FAILS AS A MATTER OF LAW

#### A. Legal Standard

The Court should dismiss Plaintiffs' claim if Plaintiff fails to plead sufficient factual allegations "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* "The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994). Nor should the Court assume the truth of legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Plaintiffs have the burden of pleading sufficient facts to state a claim, and the Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

#### 1. Plaintiffs' Sole Claim Against Minnesota Life for Breach of Fiduciary Duty Fails Because Insurers Do Not Owe a Fiduciary Duty to Their Insureds Under Either Minnesota or Arizona Law

##### a. Minnesota Law

As the District Court in the Minnesota Action determined in its order denying class certification, "while 'there is no *per se* rule precluding the existence of a fiduciary relationship between an insurer and an insured,…an insurer does not generally owe a fiduciary duty absent special circumstances." *Ciofoletti*, 2021 U.S. Dist. LEXIS 152775, at \*13 (quoting *Parkhill v. Minn. Mut. Life Ins. Co.*, 174 F. Supp. 2d 951, 959 (D. Minn.

2000)). Evidence of a "special relationship" might be evidence of a "[d]isparity of business experience and invited confidence could be a legally sufficient basis for finding a fiduciary relationship." *Id.* (quoting *Murphy v. Country House, Inc.*, 307 Minn. 344 (1976).

Here, Plaintiffs do not allege that they had any relationship with Minnesota Life that went beyond the typical insurer-insured relationship so that a fiduciary duty can be found to have been owed by Minnesota Life to Plaintiffs due to the establishment of a "special relationship." Plaintiffs rely on bare-bones allegations that the "Securian Defendants were fiduciaries to Plaintiffs and Class Members." (Compl. ¶ 122). While Plaintiffs allege that "[a]s a result of Plaintiffs' and the Class's payment to Securian for its financial services, and Securian's superior knowledge, skill and resources, Securian was a fiduciary to Plaintiffs and to the Class under Minnesota law, (*id.* ¶ 1240, this allegation does not establish any of the additional factors required to elevate the relationship between an insurer and insured to one of fiduciaries or the establishment of a so-called "special relationship."

Plaintiffs do not allege Minnesota Life's "superior knowledge" was improper or disadvantaged Plaintiffs in any way, or that it invited confidence as a result in a disparity of business experience. Nor do they allege any peculiar reliance on Minnesota Life's trustworthiness, disclosure of secrets, entrusting of power, or the substitution of the fiduciary's will for that of the beneficiary. Nor do Plaintiffs allege they created a fiduciary relationship with Minnesota Life through any contract.

### b. Arizona Law

Likewise, "Arizona does not recognize a fiduciary relationship between insurer and insured as a matter of law. No Arizona court has held that there is such a relationship, and others have indicated there is not." *Hazel v. Life Ins. Co. of N. Am.*, No. 4:13-cv-00248-DCB, 2014 U.S. Dist. LEXIS 189839, at *3-4 (D. Ariz. Mar. 7, 2014) (citing *Webb v. Gittlen*, 174 P.3d 275, 279 (Ariz. 2008) (finding that "insurance agents generally are not fiduciaries, but instead owe only a duty of reasonable care, skill, and diligence in dealing

with clients"); *Rawlings v. Apodaca*, 726 P.2d 565, 571 (Ariz. 1986) (for the proposition that although the court there held that an insurer "has some duties of a fiduciary nature," the Court "did not find that a separate cause of action for breach of fiduciary duty is available against an insurer.")). Moreover, any duties an insurer owes to an insured "beyond those that normally would be imposed by the existence of contract," such as the duty to "play fairly with the insured," and "duties of equal consideration and honesty," are not properly the subject of a claim for breach of fiduciary duty, but instead the implied covenant of good faith and fair dealing. *See Denby v. Am. Family Ins.*, No. CV-17-02648-PHX-SMB, 2019 U.S. Dist. LEXIS 147421, at *22-23 (D. Ariz. Aug. 29, 2019) (citing *Hazel*, 2014 U.S. Dist. LEXIS 189839, at *4-5). For these reasons, Plaintiffs simply cannot state a claim for breach of fiduciary duty, and this Court should dismiss Plaintiffs' sole claim against Minnesota Life with prejudice and without leave to amend.

## IV. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

This Court should grant Minnesota Life's motion to dismiss without leave to amend. "While leave to amend should be freely given, leave to amend should not be granted automatically." *Top Brand LLC v. Cozy Comfort Co, LLC*, No. CV-21-00597-PHX-SPL, 2021 U.S. Dist. LEXIS 125681, at *3 (D. Ariz. May. 20, 2021). "Leave to amend need not be granted if, among other factors, the party opposing the amendment shows: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment" *Id*. Leave to amend is improper here because it would be futile, and because the filing of this Complaint was done in bad faith and an attempt to gain an advantage by forum shopping. Plaintiffs simply cannot allege facts to support a fiduciary duty owed to Plaintiffs by Minnesota Life. Nor can Plaintiffs overcome the fact that their claims are barred by prior orders in the Minnesota Action and in the Bankruptcy proceeding. The Court should therefore grant Minnesota Life's motion to dismiss without leave to amend.

## CONCLUSION

In light of the foregoing, Minnesota Life respectfully requests that the Court dismiss Plaintiffs' Complaint without leave to amend.

DATED: June 27, 2022

By: */s/* John R. Worth
John R. Worth (012950)
**FORRESTER & WORTH, PLLC**

and

Leib M. Lerner (CA Bar No. 227323)
Gillian H. Clow (CA Bar No. 298966)
Douglas J. Harris (CA Bar No. 329946)
**ALSTON & BIRD LLP**

*Attorneys for Minnesota Life Insurance Comp*

| | |
|---|---|
| 1 | I hereby certify that on June __, 2022 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants. |
| 2 | |
| 3 | |
| 4 | /s/ Brenda J. McDermott |
| 5 | Brenda J. McDermott |